**CLOSED**

<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOSEPH W. HIGGINS, | : |
| Plaintiff, | : Civil No. 10-3023 (SRC) |
| v. | : **OPINION & ORDER** |
| DENICE MOSS, et al., | : |
| Defendants. | : |

<u>CHESLER</u>, District Judge

This matter comes before the Court on the June 29, 2010 application of *pro se* Plaintiff Joseph W. Higgins ("Plaintiff" or "Higgins") to file a Complaint without prepayment of fees pursuant to 28 U.S.C. § 1915.[1] The Court has reviewed Higgins's application to proceed *in forma pauperis* and, pursuant to 28 U.S.C. § 1915(a), grants the application. Higgins has submitted a statement that he has been unemployed since February 15, 2008 and currently receives a monthly income of $200 a month from an unidentified source. The Court is satisfied that this filing meets the requirements of 15 U.S.C. § 1915(a)(1) and will grant Plaintiff's request to proceed without prepayment of fees.

---

[1] The Court notes that Higgins had initially submitted his Complaint to the Court on June 15, 2010, but the Clerk of the Court declined to file it because Higgins had neither paid the filing fee nor submitted a completed application to proceed *in forma pauperis*. He later submitted a complete *in forma pauperis* application along with a document entitled "Amended Complaint." The Court will thus treat the "Amended Complaint" as the operative pleading and refer to it simply as the "Complaint."

Proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915. In order to prevent abusive or captious litigation, § 1915(e)(2)(B) requires that the Court dismiss a case if it determines that the action cannot or should not proceed on the merits. See Collins v. Cundy, 603 F.2d 825, 828 (10th Cir. 1979) ("[T]here is no constitutional right to the expenditure of public funds and the valuable time of the federal courts to prosecute an action which is totally without merit"). The statute provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). The Court has accordingly reviewed the Complaint to determine whether dismissal on any of the enumerated grounds is warranted. For the reasons that follow, it dismisses the Complaint in its entirety pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

I. **BACKGROUND**

The Court gathers the following facts from the Complaint and assumes their truth for purposes of this motion only.

Higgins, a resident of Newark, New Jersey, is a defendant in a case pending in the family part of the Superior Court of New Jersey, Essex County, initiated by the New Jersey Division of Youth and Family Services ("DYFS") at some time in early 2010. For simplicity, the Court will

2

hereinafter refer to the family part action against Higgins as the "DYFS action."  Also named as a defendant in the DYFS action is Latasha Solomon, who appears to be Higgins's girlfriend or live-in companion.  The DYFS action apparently concerns the well being of Solomon's two young children, ages 1 and 3.[2]  From the Complaint, it appears that as early as June 2009, DYFS case workers had been visiting the Higgins/Solomon home, visits the Complaint characterizes as "invasions."  On January 16, 2010, Ms. Solomon filed a domestic violence complaint against Higgins, stating that Higgins had threatened to cut off the younger child's fingers.  DYFS investigated the complaint and apparently found that Solomon's children were at substantial risk of harm in the home based on, among other things, the fact that Mr. Higgins was discovered to be caring for the children unsupervised despite being the alleged perpetrator. On or about February 4, 2010, DYFS removed the children from their home and took them into state custody.  According to the Complaint, Solomon later retracted her allegations, repeatedly informing DYFS case workers, a deputy attorney general assigned to the case and the judge presiding over the DYFS action that the allegations were not true.  The Complaint alleges that following a June 4, 2010 hearing in the DYFS action, Judge Bernstein of the Superior Court of New Jersey issued an order amending the Complaint in the DYFS action to strike out the language pertaining to a January 16, 2010 filing for domestic violence.  Higgins claims that the abuse and neglect claims pursued in the DYFS action have been fabricated.  Moreover, he claims that there is no evidence the children were in danger at any time and that the continued state custody over the children amounts to "state-sanction[ed] kidnaping."  (Compl., ¶ 10.) However, Judge Bernstein's June 4,

---

[2] The Court notes that it is clear from Higgins's own allegations and from documents related to the DYFS action, which are attached to the Complaint, that the two children belong to Solomon and that Higgins has no parental rights or biological relationship with the children.

2010 Order states that

> A fact-finding hearing was held today and the Court found by a preponderance of the evidence that NM - Latisha Solomon did engage in an act of abuse or neglect in failing to properly supervise her children by permitting Mr. Higgins to be the sole caregiver notwithstanding her prior reports that he threaten [sic] to harm one of her children.

(Compl., Ex. A at 3.)

Based on these allegations, Higgins has filed a claim under 42 U.S.C. § 1983, claiming that his constitutional rights to due process and equal protection have been violated. The Complaint also pleads a conspiracy claim under 42 U.S.C. § 1985, a common law conspiracy claim and an intentional infliction of emotional distress claim. He has named as Defendants several DYFS case workers, two attorneys employed by either the New Jersey Attorney General's Office or by the Office of the Essex County Prosecutor, and two state Superior Court judges. Higgins seeks $5,000,000 in compensatory and punitive damages.

## II.     DISCUSSION

The Supreme Court has held that a complaint filed by a *pro se* plaintiff must be construed liberally and to a less stringent standard than those pleadings filed by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir.1992). A *pro se* litigant's complaint is, nevertheless, subject to the same pleading requirements set by Federal Rule of Civil Procedure 8(a) as other complaints filed in federal court. *Erickson*, 551 U.S. at 93-94.

Federal Rule of Civil Procedure 8(a) requires that to state a claim for relief, a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed.R.Civ.P. 8(a)(2). When evaluating the sufficiency of claims subject to the pleading requirements of Rule 8(a), the Court must apply the plausibility standard articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). In *Twombly* and *Iqbal*, the Supreme Court stressed that a complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556.) The cases are also clear about what will not suffice: "threadbare recitals of the elements of a cause of action," an "unadorned, the-defendant-unlawfully-harmed-me accusation" and conclusory statements "devoid of factual enhancement." *Id.* at 1949-50; *Twombly*, 550 U.S. at 555-57. While the complaint need not demonstrate that a defendant is *probably* liable for the wrongdoing, allegations that give rise to the mere *possibility* of unlawful conduct will not do. *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 557.

As set forth above, section 1915(e) requires this Court, *sua sponte*, to screen a complaint to determine whether it states a claim upon which relief may be granted. For the following reasons, the Court finds that each of the legal theories pled by the Complaint fail to state a claim meeting the Rule 8(a) standard and concludes that the Complaint must be dismissed in its entirety.

### A.     Section 1983 Claims (Count 1)

Plaintiff seeks relief for the alleged violation of his equal protection and due process rights under the Fourteenth Amendment. Federal law provides a private right of action, pursuant to 42 U.S.C. § 1983, to an individual claiming that a state actor has deprived him of rights, privileges, or immunities secured by the Constitution or the laws of the United States. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). The deficiency in the section 1983 claims before the Court lies in the Complaint's failure to allege any facts that would plausibly support the assertion that Higgins's constitutional rights to equal protection and/or due process have been violated.

To state an equal protection claim, a plaintiff must allege that he or she "received different treatment from that received by other individuals similarly situated." *Shuman ex rel. Shertzer v. Penn Manor School Dist.*, 422 F.3d 141, 151 (3d Cir.2005) (citing *Andrews v. City of Phila.*, 895 F.2d 1469, 1478 (3d Cir.1990)). A meritorious claim requires proof of "the existence of purposeful discrimination." *Id.* Here, the Complaint is devoid of any factual allegation that Plaintiff was subjected to disparate treatment. Higgins, moreover, has not identified any "similarly situated" individuals, in this case, persons suspected and accused of posing a physical danger to children in their care, who were treated differently by the State.

Construing the due process claim to the best of its ability, the Court understands the claim to be based on the removal of the children and on the pursuit of neglect and abuse charges in the DYFS action. As to the former grievance, Higgins has no standing to seek relief, as the Complaint acknowledges that the two children at issue belong to Solomon but not to him. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (holding that standing to bring suit requires

the existence of injury-in-fact). As to the latter grievance, the Complaint sets forth no fact that would remotely suggest that the DYFS action is being pursued in a manner that violates Higgins's rights to procedural due process. To establish a procedural due process claim under section 1983, Plaintiffs must prove (1) a deprivation of an individual interest encompassed by the Fourteenth Amendment's protection of life, liberty, or property, and (2) that the procedures available did not provide due process of law. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir.2006). There is no allegation that Higgins has been deprived of any property or liberty interest, let alone one falling within the protections of the Fourteenth Amendment. *Culinary Svc. of Delaware Valley, Inc. v. Borough of Yardley, Pa.*, No. 09-4182, 2010 WL 2600683, at * 4-5 (3d Cir. June 30, 2010) (recognizing well-established jurisprudence that only certain property and liberty interests are guaranteed by due process clause and discussing the contours of protectible interests). Failure to allege this essential element of a due process claim prevents the claim from proceeding past the Court's *sua sponte* screening. So, too, does the Complaint's failure to allege facts demonstrating that the procedures involved in initiating and pursuing the DYFS action have been inadequate under the Constitution.

    **B.**    **Section 1985(3) Claim (Count 2)**

Section 1985(3) prohibits conspiracies between two or more persons to deprive a person or class of persons of equal protection of the laws. *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006). Higgins alleges that the Defendants conspired to falsify a criminal offense by Higgins, for the purpose of taking state custody of Solomon's children and obtaining federal government funds in connection with the care of the children assumed by DYFS. This sole allegation of a conspiracy is merely conclusory and thus completely insufficient to support a

section 1985(3) claim. Even if the Court were, however, to assume its truth, it fails to state a claim under section 1985(3) because "the reach of section 1985(3) is limited to private conspiracies predicated on 'racial, or perhaps otherwise class based, invidiously discriminatory animus.'" *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir.1997) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

### C. Common Law Conspiracy (Count 3)

Higgins alleges that the Defendants conspired to place him in "slavery" without being "duly convicted." (Compl., ¶ 26.) His conspiracy allegations are threadbare and, indeed, frivolous. Thus, the common law conspiracy claim will also be dismissed.

### D. Intentional Infliction of Emotional Distress (Count 4)

The New Jersey Supreme Court has recognized a claim for intentional infliction of emotional distress. *Buckley v. Trenton Saving Fund. Soc.*, 111 N.J. 355, 365-66 (1988). To establish this claim, a plaintiff must prove that a defendant acted in an intentional and outrageous way. *Id.* at 366. In the context of the instant screening, a claim upon which relief could be granted would require, at a minimum, factual allegations demonstrating that Defendants engaged in conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* The Complaint alleges no facts even remotely resembling outrageous and atrocious conduct by Defendants. The Court therefore finds that the Complaint fails to state a cognizable claim for intentional infliction of emotional distress.

The Court concludes that Higgins's Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will dismiss his claims with prejudice, as there is no indication that

the substantial defects in the Complaint, as discussed in this Opinion, could be remedied by pleading additional factual allegations or modifying the legal theories under which Plaintiff seeks relief.  In other words, in the Court's view, there is nothing that suggests that Plaintiff could revise his pleading to make it legally sufficient.

### III.  ORDER

For the foregoing reasons,

**IT IS** on this 22nd day of July, 2010,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall file the Complaint in the above-captioned action; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Complaint be and hereby is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the Clerk shall serve this Opinion and Order upon Plaintiff by regular U.S. mail; and it is further

**ORDERED** that this case is **CLOSED**.

    s/ Stanley R. Chesler  
    STANLEY R. CHESLER, U.S.D.J.